UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

**LUMICO LIFE INSURANCE COMPANY,** §
§
    **Plaintiff,** §
§
§
**v.** §    CIVIL ACTION NO.: _____
§
**ELIZABETH LEO,** §
§
    **Defendant.** §

## COMPLAINT FOR DECLARATORY JUDGMENT

Lumico Life Insurance Company ("Lumico"), by and through its undersigned attorneys, hereby files this civil action complaint against Defendant Elizabeth Leo, and in support thereof, avers as follows:

## INTRODUCTION

1. This is an action seeking a declaratory judgment that a life insurance policy issued by Lumico on Defendant's life is void due to a lack of insurable interest and/or material misrepresentations in the application.

## PARTIES

2. Lumico is a corporation organized and existing under the laws of the State of Missouri, with its principal place of business in Armonk, New York. Lumico is duly licensed to transact business in the State of Texas, but is a citizen of Missouri and New York.

3. Defendant Elizabeth Leo resides at 4202 Maurice Way, Stafford, Texas, 77477, and is a citizen of Texas.

## JURISDICTION AND VENUE

4. This court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332. There is complete diversity between Lumico and Defendant. Because the dispute concerns the

validity of a $500,000 life insurance policy, the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391(b)(1), because Defendant resides in this judicial district.

## BACKGROUND

6. In September 2018, Lumico received an application for a $500,000 life insurance policy on Defendant's life. *See* Exhibit A (true and correct copy of the policy, including the application, which has been redacted to protect privacy).

7. On the application, Defendant was identified as the intended owner of the applied-for policy. Defendant was also identified as the payor of premium.

8. Tommy Evans as "child" was identified as the Primary Beneficiary of the applied-for policy.

9. The application represented that Defendant had Social Security No. XXX-XX-7426.

10. The application represented that Defendant resided at 7332 28th Avenue SW, Seattle, Washington, 98126, with a telephone number of 360-533-XXXX.

11. The application represented that Defendant had New Jersey Driver's License No. L26042808359572.

12. According to the application, Defendant digitally signed the application in Washington.

13. Among other things, the information solicited by Lumico on the application was relevant to confirming Defendant's identity and to ensuring that Defendant consented to and was aware of the issuance of the policy.

14. In reliance on the representations in the application, Lumico issued Policy No. G0276995 (the "Policy"), a term life insurance policy with a Coverage Amount of $500,000. The Policy has an Issue Date of September 27, 2018.  *See* Ex. A.

15. In October 2018, Lumico received a request to change the Defendant's record address to 4202 Maurice Way, Stafford, Texas 77477.  *See* Exhibit B.  Lumico processed the request.

16. Also in October 2018, Lumico received a request to change the Primary Beneficiary from Tommy Evans to Sophia Luke, with the same Texas address provided for Defendant.  *See* Exhibit C.  Lumico processed the request.

17. Lumico recently learned that Defendant's identifying information, including her address, telephone number, Social Security Number, and driver's license information, was falsely represented on the application.

18. In telephone calls to Lumico, the caller appears to be impersonating Defendant.

19. Upon information and belief, Defendant does not (and did not at any point) reside at 7332 28th Avenue SW, Seattle, Washington, 98126, the address represented on the application.

20. Upon information and belief, Defendant's Social Security Number was misrepresented on the application.

21. Upon information and belief, Defendant's telephone number was misrepresented on the application.

22. Upon information and belief, Defendant's driver's license information was misrepresented on the application.

23. Upon information and belief, unknown third parties impersonated Defendant in telephone calls to Lumico.

24. Upon information and belief, Defendant did not consent to and/or was unaware of the application for and issuance of the Policy.

25. Had Lumico known that the application falsely represented identifying information regarding Defendant and other information, including Defendant's lack of consent to the application for and issuance of the Policy, Lumico would not have issued the Policy.

## COUNT I

26. Lumico incorporates each of the paragraphs above as if set forth herein at length.

27. Pursuant to 28 U.S.C. § 2201, Lumico seeks a declaration regarding the rights and obligations of the parties with respect to the Policy.

28. False identifying information was provided for Defendant on the application for the Policy. Lumico requires that applicants provide correct identifying information during the underwriting process. If false information on the application raises questions as to the true owner of the policy, Lumico will not issue a life insurance policy.

29. Had Lumico known of the misrepresentations regarding Defendant's identity, including her address, telephone number, Social Security Number, and driver's license information, it would not have issued the Policy.

30. Upon information and belief, the Policy was procured by someone other than Defendant, and Defendant was not aware of and/or did not consent to the application for or issuance of the Policy.

31. The Policy therefore lacked an insurable interest at inception and is void *ab initio*.

32. By letter dated April 24, 2019, Lumico contacted Defendant regarding the false information on the application and Lumico's position that Defendant did not consent to and/or was aware of the Policy. Defendant did not respond to Lumico's letter.

33. Lumico also sought to refund to Defendant the premiums paid on the Policy. Defendant did not negotiate the check tendered by Lumico for the premiums paid on the Policy.

34. By letter dated August 9, 2019, Lumico again attempted to contact Defendant. Defendant did not respond to Lumico's letter.

35. Lumico seeks a declaration that the Policy is void *ab initio* and that it is entitled to retain all of the premiums paid based on the fraudulent procurement of the Policy.

## RELIEF REQUESTED

**WHEREFORE**, Lumico respectfully requests that the Court declare that the Policy is void *ab initio* and enter an order permitting Lumico to retain the premiums paid in connection with the Policy.

Respectfully submitted,

*/s/ Scott P. Brinkerhoff*
Scott P. Brinkerhoff
State Bar No. 24069419
Southern Bar No. 1068448
Drinker Biddle & Reath LLP
1717 Main Street, Ste. 5400
Dallas TX 75201-7367
Phone: (469) 357-2542
Facsimile: (469) 327-0860
scott.brinkerhoff@dbr.com

*Attorney for Plaintiff
Lumico Life Insurance Company*